# UNITED STATES DISTRICT COURT

**AMENDED**

Eastern District of Arkansas

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| DERRICK COLEMAN | |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 10 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Case No.   4:14-cr-00053 KGB
USM No.   22531-424

MOLLY SULLIVAN
_____
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)   2, 3, 4, 5 and 7   of the term of supervision.

☑ was found in violation of condition(s)   1   after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to participate in mental health counseling with an emphasis on sex offender treatment under the guidance and supervision of the probation office. The defendant shall abide by all treatment prescribed by the mental health counselor and | |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   4938

Defendant's Year of Birth:   1978

City and State of Defendant's Residence:
White Hall, Arkansas

02/29/2016
Date of Imposition of Judgment

*Kristine M. Baker*
Signature of Judge

Kristine G. Baker,   U.S. District Judge
Name and Title of Judge

March 10, 2016
Date

DEFENDANT: DERRICK COLEMAN
CASE NUMBER: 4:14-cr-00053 KGB

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| | approved by the probation office. | |
| 2 | Failure to not purchase, possess, subscribe, view, listen to, or use any media forms containing pornographic images or sexually oriented materials including but not limited to, written, audio, visual depictions, such as pornographic books, magazines, literature, videos, CDs, DVDs, digital media or photographs. This includes materials containing "sexual explicit conduct" as defined in U.S.C. § 2256(2). | 01/31/2016 |
| 3 | Failure to not own or use any computer or electronic device with Internet access at any location, other than using a third party's business, without permission from the probation officer. This includes access through any Internet service provider, bulletin board system, gaming system, device, or console, online social networking system, cell phone or any other remote device capable of Internet access. The defendant shall not access the Internet by any device or means that is not susceptible to monitoring by the probation office. | 01/31/2016 |
| 4 | Failure to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | 02/01/2016 |
| 5 | Failure to not commit another federal, state or local crime. | 07/05/2014 |
| 7 | Faiure to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | 07/05/2015 |

Violations 6 and 8 were dismissed upon motion of the government in open court.

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page 3 of 5

DEFENDANT: DERRICK COLEMAN
CASE NUMBER: 4:14-cr-00053 KGB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

1 day with credit for time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page **4** of **5**

DEFENDANT: DERRICK COLEMAN
CASE NUMBER: 4:14-cr-00053 KGB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
6 months.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DERRICK COLEMAN
CASE NUMBER: 4:14-cr-00053 KGB

Judgment—Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

**AMENDED**

All conditions currently in effect as a result of the defendant's judgment and conviction in the underlying matter, including but not limited to, the restitution condition remain in full force and effect.

The defendant shall participate, under the guidance and supervision of the probation office, in mental health counseling with an emphasis on sex offender treatment. Further, the defendant shall abstain from the use of alcohol throughout the course of treatment.

The defendant shall not purchase, possess, subscribe, view, listen to or use any media forms containing pornographic images or sexually oriented materials, including, but not limited to, written, audio and visual depictions, such as pornographic books, magazines, literature, videos, CDs, DVDs, digital media or photographs. This includes materials containing "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2).

By agreement of the parties, the defendant shall not own or use a computer or electronic device with Internet access at any location other than using a third party's computer to apply for employment at that party's business. This includes access through any Internet service provider, bulletin board system, gaming system, device or console, online social networking activities, any public or private computer network system, cell phone or any other remote device capable of Internet access. The defendant will not access the Internet by any device or means that is not susceptible to monitoring by the probation office. By agreement of the parties, the defendant has agreed that he will not use a device or access the Internet.

The defendant shall agree to the installation of computer monitoring and hardware approved by the probation office. The defendant shall abide by all rules and requirements of the program and shall consent to unannouced examinations of all computer equipment, internal and external storage devices, which may include retrieval and copying of all data from computers and any internal and external peripherals and removal of such equipment for the purpose of conducting a more thorough inspection by the probation office or probation service representative. The Court annouced this condition in the event this becomes an issue with the defendant's employment or any other situation.

The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search at any time with or without a warrant by any law enforcement or probation office with reasonable suspicion concerning a violation of the condition of probation or unlawful discharge of the office's supervision functions pursuant to 18 U.S.C. 3583(d).

The defendant shall be under home detention with electronic monitoring. Further, the defendant shall be restricted to his residence at all times except for employment, education, religious servies, medical, substance abuse or mental health care and treatment, attorney visits, court appearances, court-ordered obligations or other activities as preapproved by the probation officer.

The defendant shall pay the costs of monitoring while on home detention.

The defendant shall not earn discretionary time for the first three months of supervised release.

All other standard conditions are imposed.